## Davidson, Appellant, *v.* Miller.

*Judgment—Opening judgment—Extension of time for filing abstract of title.*

A judgment should be stricken off only when its irregularity appears on record. If a defendant has established ground for equitable relief from a judgment regular on its face, the proper practice is to open the judgment.

Where, in an action of ejectment judgment has been entered for failure to file an abstract of title within the time required by the rules of court, and it appears that there had been an understanding between counsel for an extension of time, the court has no power to strike off the judgment, but it may make an order opening the judgment.

Argued Oct. 22, 1902.    Appeal, No. 30, Oct. T., 1902, by plaintiff, from order of C. P. Butler Co., Sept. T., 1900, No. 60, striking off judgment in case of Samuel Davidson and Ellen A. Davidson, his Wife, v. Jacob M. Miller.    Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ.    Order modified.

Rule to strike off judgment.

W. D. Brandon, counsel of record for the defendant, presented the following petition :

" That as appears from the record, judgment was entered in this case against the defendant in default of statement and abstract of title on motion of plaintiffs' attorney in court on Saturday, the 23rd inst.

" Your petitioner appeared for defendant and had in preparation (in connection with other counsel) an abstract of title, but because of the petitioner's attendance upon the trial of causes during the two weeks ending the 23rd inst., he was not able to complete the same.    That at different times he had conversations with plaintiffs' counsel, the last shortly before or during said two weeks of court, in which it was assented to on part of plaintiffs' counsel that if said abstract were filed so that the cause could go on the January list it would be satisfactory.    He is informed that said lists will not be completed or made out for two weeks yet, and relying on these facts he had not hitherto filed said abstract.

" Your petitioner was not in court at the time, had no notice such motion would be made, and had no knowledge of said judgment until yesterday, the 25th inst.

" That the defendant is personally in no default and the failure to file said abstract is chargeable to your petitioner and associate counsel.

" He therefore prays your honor to strike off said judgment, and permit the defendant's abstract to be filed and grant such other relief in the premises as may appear proper."

The court granted a rule which it subsequently made absolute, striking off the judgment.

*Error assigned* was the order of the court.

*H. H. Goucher,* for appellants.

*T. C. Campbell,* with him *W. D. Brandon,* for appellee.

PER CURIAM, November 10, 1902:

The judgment in this case appears to have been struck off because there was an understanding between counsel that there should be an extension of the time within which the defendant, under the rules of court, was required to file an abstract of title.

This was not ground for striking off the judgment, but for opening it. A judgment should be struck off only when its irregularity appears on the record. If a defendant has established ground for equitable relief from a judgment regular on its face, the proper practice is to open the judgment.

The order of the court is now modified so as to open the judgment, and as so modified, it is affirmed.