## Markovitz, Appellant, *v.* Ritter.

*Judgments—Opening—Discretion of the court.*

On a rule to open a judgment entered for want of an affidavit of defense the petition averred that at the time the summons had been served at the residence of the defendant, he was absent therefrom and critically ill at a hospital; that he had remained in the hospital until the day he swore to his petition to have the judgment opened, and that at the time of service, and at all times subsequent thereto the defendant had been critically and dangerously ill.

The petition further averred that the defendant had a full and true defense to the claim; that the note had not been presented to the maker and payment demanded on the day the same became due; that the note had never been protested; that no notice of the dishonor of the note was given to the defendant, and that the statement of claim failed to set forth the defendant's endorsement of the note.

The plaintiff's answer failed to show demand for payment and a protest, or that he had paid the note and had become the due holder thereof, and the copy of the note attached to his answer showed no endorsement by the defendant.

Under such circumstances the court did not abuse its discretion in making absolute the rule to permit the judgment to be opened.

Argued October 12, 1927.   Appeal No. 170, October
T., 1927, by plaintiff from judgment of M. C. Philadel-
phia County, October T., 1926, No. 940, in the case of
David Markovitz v. Rubin Ritter.   Before PORTER,
P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP
and CUNNINGHAM, JJ.   Affirmed.

Rule to open judgment.   Before CASSIDY, J.
The opinion of the Superior Court states the facts.
The court made absolute the rule.   Plaintiff ap-
pealed.

*Error assigned* was the judgment of the court.

*Albert P. Goldberg,* and with him *Herbert W. Salus,*
for appellant.—The opening of a judgment was not a
proper exercise of the court's discretion: Fletcher Co.
v. Sochis, 24 D. R. 99; Packer v. Rice, 2 Luz Legal
Reg. 24; Bailey v. Clayton, 20 Pa. 295; Wilson v.
Flynn, 1 Kulp 47; Rothkugel v. Smith, 70 Pa. Superior
Ct. 590; H. Woods to use, v. N. A. Irwin, 141 Pa. 278;
Jefferson County Bank v. Robbins, 67 Wisconsin 68,
N. W. 209; Catlin v. Robinson, 2 Watts 373.

No paperbook or appearance for appellee.

OPINION BY PORTER, P. J., March 2, 1928:
This is an action of assumpsit upon a promissory
note by the alleged holder of the note against an al-
leged prior endorser.   The summons was served at
the residence of the defendant, as indicated by the
docket entries, on October 28, 1926 and judgment was
entered against the defendant for want of an affidavit
of defense on November 13, 1926.   On December 28,
1926, the defendant presented his petition to have the
judgment opened, whereupon the court granted a rule
to show cause why the judgment should not be opened
and the defendant let into a defense, which rule it

subsequently made absolute, whereupon the plaintiff took this appeal.

The affidavit of the defendant, upon which the court granted the rule to show cause why the judgment should not be opened averred that at the time the summons was served at his residence he was absent from his home and critically ill in a hospital; that he remained in the hospital at all times up until the day he swore to his petition to have the judgment opened; that at the time of said service and at all times subsequent thereto the defendant was critically and dangerously ill and his physicians had refused to permit him to be consulted about any business affairs or matter whatsoever; that the defendant's wife had placed the said summons and statement of claim with other papers belonging to defendant to be taken up with him as soon as the doctors would permit him to be consulted about business matters; that at no time had the defendant's health permitted this to be done and that he had no knowledge of the pendency of the action or the existence of the judgment until he returned from the hospital, when, being informed thereof, he at once presented this petition. The petition further averred that the defendant had a full and true defense to the claim; that the said note had not been presented to the maker and payment demanded on the day the same became due; that the note was never protested; that no notice of the dishonor of the note was given to the defendant, and that the statement of claim failed to set forth the defendant's endorsement of the note. The plaintiff filed an answer denying the averment that at the time of the service of the writ and at all times subsequent thereto the defendant had been critically and dangerously ill; denied that at no time after service of the writ had the defendant's health been such as to prevent his attending to this matter; denied that the defendant had any defense to

the action. The answer denied the averment that the note on which the suit was based was not presented to the maker upon the day it became due, but it averred "that the note was protested at the request of the Northern National Bank of Philadelphia, holder of note, by Bernard J. Arndt, notary public, and that a copy of said protest is hereto attached, made part hereof and marked Exhibit 'A'," and that the defendant was notified of the dishonor of the note by registered mail. It is here proper to observe that no such exhibit was attached to the answer of the plaintiff, nor does the record indicate that any copy of the certificate of the notary was exhibited to the court below, nor was the notary or any other person called to testify that the note had been protested and payment demanded. These facts effectually eliminate any evidence that the note had been protested. The plaintiff took no depositions in support of his answer. This answer further averred "that a copy of defendant's endorsement is hereto attached, made part hereof and marked Exhibit 'B'." No such exhibit was attached to the answer, as printed in the record by the plaintiff. The failure to attach this exhibit becomes material, for the copy of the note, as set forth in the body of plaintiff's statement of claim, does not indicate that the note was endorsed by the defendant. The learned judge of the court below in his opinion, filed upon making the rule to open the judgment absolute, states that "An examination of the copy of the note attached to plaintiff's statement of claim, fails to show any endorsement by the defendant." The answer of the plaintiff to the petition of the defendant distinctly sets forth that at the time the note became due the Northern National Bank of Philadelphia was the holder of the note, yet the answer was barren of any averment that the plaintiff had subsequently paid the note to the bank and thus became the holder thereof.

In view of the fact that the plaintiff had failed to attach the exhibits referred to in his answer and the fact that the copy of the note attached to plaintiff's statement of claim did not show any endorsement by the defendant we are not convinced that the learned judge of the court below was guilty of an abuse of discretion in holding that the defendant had a defense upon the merits.

We have already indicated that the plaintiff took no depositions in support of his answer. The defendant took depositions in support of his contention that he had been absent from his residence and seriously ill in a hospital; that his health was in a very precarious state and so continued until the time he learned of the existence of the judgment and instituted proceedings to have it opened. He was suffering from heart disease and that his condition was of a critical nature is disclosed by the statement in appellant's brief that the defendant died before the rule to open the judgment was argued. This evidence, if believed, was a reasonable explanation of his failure to file an affidavit of defense.

The decree opening the judgment is affirmed and the appeal dismissed at cost of the plaintiff.