## Shimer v. Roach.

*Harvey H. Steckel* and *Herbert J. Hartzog*, for plaintiff.
*Dillinger & Schneller*, for defendants.

RENO, P. J., June 17, 1929.—John Roach, owner of three properties, mortgaged one for $600 to Mary E. Shimer, which has been assigned to E. P. Wilbur Trust Company. Subsequently, he mortgaged the three properties for $1700. This latter mortgage was foreclosed and Tobias K. Landis purchased the three properties at the sheriff's sale for $7300. The balance ($5783.01) remaining in the sheriff's hands, after payment of the $1700 mortgage, costs and fees, was paid to E. P. Wilbur Trust Company as administrator of John Roach, in accordance with the Fiduciaries Act of June 7, 1917, § 15, cl. *(j)*, P. L. 447.

Upon the *sci. fa. sur* the $600 mortgage, Tobias K. Landis pleads payment, and alleges that the plaintiff was bound to pay the mortgage out of the fund in its hands as administrator. At the trial, a verdict for plaintiff was directed, and we are reviewing the case upon a motion for judgment *n. o. v.*

Clearly, Tobias K. Landis bought subject to the first mortgage: Act of May 8, 1901, § 1, P. L. 141. Nevertheless, he contends that since "more money" [was] raised than [was] sufficient to pay off liens of record" (Fiduciaries Act of June 7, 1917, § 15, cl. *(j)*, P. L. 447), the administrator was bound to pay the $600 lien of record and to that extent relieve him. The difficulty with this position is that, having purchased subject to the mortgage, he bought "simply the equity of redemption, *i. e.*, the right to retain the land by paying the mortgage debt:" Steele *v.* Walter, 204 Pa. 257, 266. "The purchaser [at a sheriff's sale] in thus buying the land [subject to a mortgage] undertakes the duty of paying the mortgage, not personally, but so far as the land is sufficient for that purpose. Then, thus far, he assumes the duty of relieving the obligor [*i. e.*, the mortgagor], and, as between them, the land becomes the primary fund for the payment of the debt:" Hansell *v.* Lutz, 20 Pa. 284, 286. "The Parks [purchasers at a sheriff's sale] bought subject to the prior mortgages, and when they paid them, they did nothing more than their duty:" Cooley's Appeal, 1 Grant, 401. "When McClurkan [purchaser at sheriff's sale] bid off the property at the sale on his own judgment, he bid subject to the mortgage of the bank, and what he acquired by the sheriff's deed was Burns's equity of redemption. The mortgage, by the Act of 1830, being a charge upon the land, the bid of the plaintiff on the sale of the subsequent judgment necessarily included this charge, and it became a part of that bid. It is, therefore, obvious that as long as McClurkan chose to retain the premises he had acquired at the official sale, he could by no process, direct or indirect, compel Burns to pay any part of the mortgage

debt, for he had agreed to do that himself:" Dollar Savings Bank v. Burns, 87 Pa. 491, 496. It follows that Tobias K. Landis acquired no equity against Roach or his estate. Manifestly, the clause "more money raised than is sufficient to pay the liens of record," *supra*, refers to liens which are discharged by the sale. It does not require executors or administrators to pay undischarged liens in relief of a purchaser who bought subject to them.

Now, June 17, 1929, the motion for judgment *n. o. v.* is overruled and discharged.    From Edwin H. Kohler, Allentown, Pa.