## Brumbaugh v. Brumbaugh et al.

*Robert W. Smith,* for plaintiff; *B. F. Warfel,* for defendants.

PATTERSON, P. J., December 12, 1930.—On November 17, 1926, a judgment exemption note for $500 with power of attorney to confess judgment, payable in sixty days, to the order of M. R. Brumbaugh and Son, was executed by "Mtg. Bky., C. U. Stayer." Several payments of interest were endorsed on the back thereof, the last one reading "Interest pd to Dec. 1, 1927." On November 18, 1929, Robert W. Smith, Esq., attorney for plaintiff, confessed judgment for $500 with attorney's commission and interest against the defendants, Aaron Brumbaugh and C. U. Stayer, individually and trading and doing business under the firm name of The Martinsburg Bakery, and on the same day issued a writ of fieri facias to No. 74, January Term, 1930. On

November 20th, Aaron Brumbaugh, one of the defendants, presented his petition to the Court of Common Pleas of Blair County, which was amended on May 8, 1930, for a rule on plaintiff to show cause why said judgment should not be opened and defendant allowed to put in his defense, said petition and amendment averring that the petitioner, Aaron Brumbaugh, had not been a partner in the Martinsburg Bakery since April 1, 1924 (it being agreed by both parties that the abbreviated signature was intended for Martinsburg Bakery), with an admission that the said Brumbaugh had been a partner prior to that time but on that date withdrew and was no party to the business transactions of said firm for a period of about one year and six months previous to the execution of the judgment note upon which this action is based; that the plaintiff had actual notice of the withdrawal of the petitioner from the partnership and recognized Stayer and Zimmerman as successors to the partnership which included the petitioner; that the purchase of the one-half carload of flour, for which the note in question was given, was consummated by the new partnership at a time long subsequent to the retirement of the petitioner; that the payments endorsed on the back of the said note were made by C. U. Stayer without the knowledge of the petitioner; that the confession of judgment against petitioner was without any authority from him, either directly or indirectly, and there is no obligation on the part of the petitioner to pay the same.

A rule was granted as prayed for, whereupon plaintiff filed an answer averring that the petitioner was a partner at the time of the execution of said note; that the copartnership failed to file in the office of the Prothonotary of Blair County and in the office of the Secretary of the Commonwealth at Harrisburg the declarations required by the Act of June 29, 1923, P. L. 979, setting forth its membership, and that, notwithstanding its failure to comply with said act of assembly, the partnership continued to do business at the time of the execution of said obligation. It is denied that said copartnership was ever dissolved in the manner prescribed by law, and averred that the plaintiff never directly or indirectly received notice of the withdrawal of petitioner from said copartnership and extended credit to the defendant believing that the petitioner was a partner and liable for the payment of its debts.

Depositions were taken in support of the petition and answer. Before this proceeding was argued, the petitioner, on May 26, 1930, presented his petition for a rule on plaintiff to show cause why the original petition to open judgment, etc., should not be withdrawn and the whole matter considered as a proceeding to strike off the judgment. No answer was filed to this petition. Counsel for petitioner has asked us to consider the last petition withdrawn if in the opinion of the court the proceeding is properly one to open the judgment. The testimony appearing in the depositions is a denial on the part of the petitioner of his liability. He and his witnesses undertake to prove that on April 1, 1924, he withdrew from said business and that this fact was known to the senior member of the plaintiff firm, M. R. Brumbaugh, now deceased, and that while the business was carried on in the property of petitioner and said C. U. Stayer, a son-in-law, lived in the same building for which he paid no rent, he was not a partner after that date. The witnesses for the respondent testify that petitioner was known to them as a partner at the time of the execution of the note in question and prior thereto and that they had no notice of his withdrawal.

Whether or not the petitioner was a partner at the date of the execution of the note and is bound by the act of the partner, C. U. Stayer, for the debt of the partnership is a question of fact which should be submitted to a jury, and the proceeding, therefore, will be considered as a rule to open judgment and

allow defendant to put in his defense rather than a petition to strike said judgment from the record.

In Hall *v.* The West Chester Publishing Co., 180 Pa. 561 (quoting O'Hara *v.* Baum, 82 Pa. 416), it is held that:

"A motion to set aside or strike off a judgment must be on the ground of irregularity appearing on the face of the record; a motion to open it is an appeal to the equitable power of the court to let the defendant into a defense."

It is proper to confess judgment against a partnership and to name the individual members of said partnership where the note has been signed with the first name: Myers *v.* Sprenkle, 20 Pa. Superior Ct. 549.

In Davidson *v.* Miller, 204 Pa. 223, the Supreme Court held:

"A judgment should be struck off only when its irregularity appears on record. If a defendant has established ground for equitable relief from a judgment regular on its face, the proper practice is to open the judgment."

The rule to open said judgment and allow the defendant to put in his defense is hereby made absolute. The issue to be tried shall consist of the petition and amended petition as plaintiff's statement and the answer thereto as an affidavit of defense and the matter shall be proceeded with to trial to determine the following questions:

1. Was Aaron Brumbaugh a copartner in and a member of the firm of the Martinsburg Bakery on November 17, 1926? 2. Was Aaron Brumbaugh liable as a partner and individually for the payment of the note upon which this action is founded?

The rule to withdraw the petition to open said judgment, etc., and to substitute therefor rule to strike off is hereby discharged.