## Jordan, Admrx. *v.* Prudential Insurance Company Of America, Appellant.

Submitted March 6, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD,

4

RHODES and HIRT, JJ.

Richard B. Sheridan and Vosburg & Vosburg, for appellant.

Morris A. Glazier and E. F. McGovern, for appellee.

PER CURIAM, April 16, 1941:

Action in assumpsit on two policies of life insurance.

Defendant appealed from the order of the court below refusing judgment in its favor for want of a sufficient reply to the new matter contained in its affidavit of defense.

The action was brought by the plaintiff as administratrix of the insured, the policies being payable to his estate.

Our Practice Act of 1915, P. L. 483, provides (sec. 7), "when the affidavit of defense or plaintiff's reply, is made by an executor, administrator, guardian, committee, or other person acting in a representative capacity, he need only state the facts he admits to be true, and that he believes there is a just and legal defense to the remainder and the facts upon which he bases his belief."

To the defendant's new matter, setting up alleged false and fraudulent answers by the insured in his application for insurance,—as respects his condition of

health and his treatment in hospitals and by physicians —the plaintiff replied admitting the answers to the application attached to the policies, but continuing: "but she believes there is a just and legal defense to the remainder of the facts alleged under said heading of New Matter, and the facts upon which she bases the belief are that the insured was apparently in good health up to the date of said applications and the date of issuance of said policies and was steadily employed as a conductor on the Lehigh Valley Railroad up to the date of said applications and the issuance of said policies and thereafter for a long time."

We agree with the court below that, in view of the above provision of the Practice Act, the rule applicable to actions brought by an individual plaintiff should not be strictly applied where the plaintiff sues in a representative capacity; that a reply reasonably complying with the provisions of section 7 should prevent a judgment before trial. A summary judgment, without trial, should only be entered in a clear case. The court below said: "Therefore, though satisfactory proof of defendant's averments, undenied by plaintiff, will doubtless be decisive upon the trial, summary judgment must be denied." We are in accord with that statement.

Order affirmed.