Linker, Appellant, *v.* Fidelity-Philadelphia Trust Company et al.

Argued October 5, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES and HIRT, JJ.

*Wade Goble,* for appellant.

*George D. Kline,* with him *Truscott, Trinkle & Wright* and *Evans, Bayard & Frick,* for appellees.

OPINION BY KELLER, P. J., November 11, 1942;

On April 29, 1940 Fannie Linker, trading as Linker Construction Company, brought this action of assumpsit against Charles S. Abele. No statement of claim was filed until January 7, 1941, over eight months after bringing suit. On January 22, 1941 the defendant, by his attorney, H. J. Dranoff, obtained a rule for a more specific statement, which was made absolute on February 3, 1941, and the plaintiff was ordered to file an amended statement within fifteen days. Four days later, on February 7, 1941 the defendant died.

On March 20, 1941 the plaintiff filed a suggestion of the death of the defendant and of the grant of letters testamentary on his estate to Fidelity-Philadelphia Trust Company and Julian F. Abele, Executors; and on the same day filed an amended statement of claim. This statement did *not* have endorsed on it any notice requiring the filing of an affidavit of defense; but it waived a jury trial.

On April 24, 1941 the executors obtained a rule for a more specific statement of claim, which rule was made absolute on May 22, 1941, with leave to plaintiff to file a second amended statement of claim within fifteen days, which was subsequently extended ten days more.

On June 17, 1941 a second amended statement of claim was filed, having endorsed thereon a notice to the *'defendant'* to file an affidavit of defense within fifteen days. No affidavit of service of this second amended statement was endorsed on the statement or filed with it.

This statement set forth that on July 28, 1939 the Bureau of Building Inspection of the City of Philadelphia had condemned a certain building owned by the defendant, Charles S. Abele, now deceased, No. 3725 Brown Street, and that on December 6, 1939 said Abele had given a written order to the plaintiff to make the repairs required by said condemnation proceedings; and that following that date the plaintiff had made such

repairs to said building as had been directed by the Inspector of Building Inspection in order that said condemnation proceedings might be vacated and revoked; that between December 6, 1939 and January 24, 1940, plaintiff, *upon the instruction of said inspector,* had caused repairs to be made to said building aggregating $1371.50, at prices which were just and reasonable; and that defendant had made six payments thereon, between December 6, 1939 and January 27, 1940,—dates and amounts being given—totaling $912, leaving a balance due plaintiff of $458.50, with interest from January 26, 1940.

On *October 8, 1941* plaintiff's attorney *made and filed* an affidavit that he had served the second amended statement of claim, (with notice to file affidavit of defense endorsed thereon), on H. J. Dranoff, of counsel for the defendants, on *June 17, 1941;* and on the same day (October 8, 1941) he caused judgment to be entered against the said executors as defendants for want of an affidavit of defense for $504.90. Mr. Dranoff testified that he had no recollection of such service and had no copy of the statement in his files. Other counsel representing the Estate had entered their joint appearance in the action for the executors. No service of the second amended statement was made on them.

On November 18, 1941 the said executors filed their petition for a rule to show cause why said judgment should not be opened and the defendants let into a defense, annexing thereto an affidavit of defense, sufficient to prevent the entry of judgment against the legal representatives of a decedent, under section 7 of the Act of May 14, 1915, P. L. 483, which averred, inter alia, their lack of knowledge of the contract and of the facts averred in said statement, and demanded proof thereof, and denied liability for the reason that plaintiff had been paid in full for her work; averring on information and belief that said decedent defendant on

January 29, 1940 had made an additional payment to plaintiff of $145, not credited by her, which they believed was the entire balance due her for said work.

A rule was granted, which after depositions were taken and hearing had was made absolute. Plaintiff appealed.

Appellant's counsel bases her appeal on our decision in *Planters Nut & Chocolate Co. v. Brown-Murray Co.*, 128 Pa. Superior Ct. 239, 193 A. 381, in which we *affirmed* the action of the lower court, *refusing to open* such a judgment because the defendant had failed to prove (1) due diligence, (2) grounds for opening the judgment and (3) the existence of a meritorious defense. But we also said, speaking through Judge RHODES: "An application to open a judgment is an equitable proceeding, governed by equitable principles, addressed to the sound discretion of the court. On appeal we shall consider only whether the court kept within the bounds of its discretionary power. *Mutual Building and Loan Ass'n of Shenandoah v. Walukiewicz et al.*, 322 Pa. 240, 185 A. 648. No depositions were taken at any stage of these proceedings on behalf of appellant. No affidavit of defense accompanied either the petition to open the judgment or the petition for reargument, although matters of defense were incorporated in the petitions. The material averments of appellant's petitions were denied by plaintiff's answer. As stated in *Rothkugel v. Smith*, 70 Pa. Superior Ct. 590, at page 591: 'To have a judgment opened that has been taken by default, there must be sufficient reasons to move the conscience of the judge who sits as a chancellor and convince him that an injustice has been done.' "

It must be remembered that that case did not involve a defendant acting in a representative capacity, but was between the parties to the contract, who had full knowledge of the facts and circumstances in connection with it. The same strict rule should not be

applied to an executor defendant, acting in a represent-
ative capacity, in an action on a contract made by his
decedent. Section 7 of the Practice Act of 1915 pro-
vides: "When the affidavit of defense, or plaintiff's re-
ply, is made by an executor, administrator, guardian,
committee, or other person acting in a representative
capacity, he need only state the facts he admits to be
true, and that he believes there is a just and legal
defense to the remainder, and the facts upon which he
bases his belief."

Construing this section, we said in *Jordan, Admx. v.
Prudential Ins. Co.*, 144 Pa. Superior Ct. 3, 5, 19 A.
2d 485, an action which involved the sufficiency of an
administratrix plaintiff's reply: "We agree with the
court below that, in view of the above provision of the
Practice Act [sec. 7], the rule applicable to actions
brought by an individual plaintiff should not be strictly
applied where a plaintiff sues in a representative
capacity; that a reply reasonably complying with the
provisions of section 7 should prevent a judgment be-
fore trial". Nor should such rule be strictly applied
where an executor or administrator is sued on a con-
tract of his decedent, of which he has no personal knowl-
edge. See *Moore v. Luzerne County*, 262 Pa. 216, 219,
105 A. 94.

If an executor or administrator defendant is not re-
quired to set forth in his affidavit of defense a full
and complete meritorious defense to a plaintiff's claim
—where he does not have knowledge of the facts in
the case—in order to prevent judgment against his de-
cedent's estate for want of a *sufficient* affidavit of de-
fense, it would seem, that on a rule to open judgment
taken by default for want of an affidavit of defense—if
reasonable grounds are presented for excusing or ex-
plaining his failure to file the affidavit of defense pre-
scribed by the Practice Act—the judgment should be
opened, where his petition is accompanied by an affidavit

of defense, conforming to the Practice Act, which, if filed in time, would have been sufficient to prevent the entry of judgment.

We need not recite the circumstances which led the court below to conclude that the testimony produced on the rule was sufficient to explain and excuse the executors' failure to file an affidavit of defense by October 8, 1941, and to show that they acted with due diligence in moving to open the judgment after they learned of its entry.

The affidavit of defense, in our opinion, was sufficient to prevent a summary judgment if it had been filed before October 8, 1941.

In the circumstances here present, we find no abuse of discretion by the court below in opening the judgment.

Order affirmed.