## Welzel, Appellant, v. Link-Belt Company et al.

Argued December 9, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Morris C. Solomon,* for appellant.

*Samuel J. Gottesfeld,* with him *Blanc & Steinberg,* for appellee.

OPINION BY KELLER, P. J., January 27, 1944:

The plaintiff in this action of assumpsit has appealed from the order of the court below opening a judgment entered for want of an affidavit of defense against one of the defendants, Link-Belt Company.

The opening of a judgment entered by default is a matter within the sound discretion of the court, sitting as a chancellor, to be disposed of in accordance with principles of equity. For our practice of opening such judgments on motion and rule is a substitute for a bill in equity, adopted by Pennsylvania judges when we had no court of chancery (Mitchell on Motions and Rules at Common Law, p. 76; *Cochran v. Eldridge,* 49 Pa. 365, 368-371), and, because of its convenience and simplicity, retained and continued after the establishment of such courts with limited jurisdiction, by the Act of June 16, 1836, P. L. 784, sec. 13, pp. 789-790.

The opinion filed by the court below shows reasonable grounds for opening the judgment against Link-Belt Company, and negatives any abuse of discretion in the order appealed from. The evidence taken on depositions sustains the opinion and order of the court and furnishes reasonable warrant for its action.

The appellee is a foreign corporation, having its principal office in Chicago. Its attorneys in Philadelphia had no prior knowledge of the matters in controversy and no direct dealings with their client. All corres-

pondence was carried on through the company's Chicago attorneys, who communicated directly with it.

The evidence establishes that appellee's local attorney asked plaintiff's attorney for additional time, beyond the fifteen days allowed by the Practice Act, for the preparation and filing of the affidavit of defense and was told he could have "as much time as he wanted", according to defendant's counsel's version, or "as much time as was necessary", according to plaintiff's counsel. It is not vital which expression was used. In either event, after granting an indefinite indulgence, plaintiff's attorney should not have taken judgment without first notifying defendant's attorney of his intention to ask for judgment if an affidavit of defense was not filed by a specified reasonable time.[1] If circumstances *justifying* additional delay then existed, defendant's attorney could have applied to the court for a reasonable further extension of time and obtained it.

The fifteen-day period allowed for filing an affidavit of defense expired on February 5, 1943. On February 23, 1943, plaintiff without notice to defendant took judgment for want of an affidavit of defense. The affidavit of defense had been prepared and forwarded to the Chicago attorneys on February 12, and was received by them on February 13. It was forwarded to the head credit man of the company to verify the correctness of the figures, and after he had done so, it was then sent to the secretary of the company, the officer authorized to sign and execute the affidavit. Delays due to a prolonged important meeting of the Board of Directors which required the presence of the secretary, the closing of the office for an extended Washington's Birth-

---

[1] By analogy, *cf. Sudnick v. Home Friendly Ins. Co.*, 149 Pa. Superior Ct. 145, 149-150, 27 A. 2d 468; *Cleveland v. Salwen*, 292 Pa. 427, 430-431, 141 A. 155; *Helme v. Phila. Life Ins. Co.*, 61 Pa. 107, 110; *Steiner v. Marks*, 172 Pa. 400, 405-6, 33 A. 695; *Duffield v. Hue*, 129 Pa. 94, 109, 18 A. 566.

day holiday from Saturday, February 20 to Monday, February 22, inclusive, and the illness of his office assistant who had charge of the paper prevented the execution of the affidavit until February 24. It arrived at Philadelphia February 26, by which time judgment had already been taken, without notice to defendant's attorneys.

On February 26, defendant's attorneys moved to strike off the judgment. They should have moved to open the judgment (*Davidson v. Miller*, 204 Pa. 223, 53 A. 773). The rule was discharged on March 16, 1943. On that day they moved to open the judgment, and the rule was made absolute on May 5, 1943. The Link-Belt Company filed its affidavit of defense on May 6, 1943. It presented a defense on the merits sufficient to prevent summary judgment.

We think the order of the court appealed from is sustained, as not being an abuse of discretion, by the following decisions of the Supreme Court: *Davidson v. Miller*, supra, which is similar in its facts to this case; *Fuel City Mfg. Co. v. Waynesburg Products Corp.*, 268 Pa. 441, 112 A. 145; *McFadden v. Pennzoil Co.*, 326 Pa. 277, 191 A. 584; *Kelber v. Plow Co.*, 146 Pa. 485, 491, 23 A. 335; *National Finance Corp. v. Bergdoll*, 300 Pa. 540, 151 A. 12, and by the following of this court: *Linker v. Fidelity-Phila. Trust Co.*, 150 Pa. Superior Ct. 440, 28 A. 2d 704; *Sockett v. Phila. Laundry Co.*, 92 Pa. Superior Ct. 254; *Markovitz v. Ritter*, 92 Pa. Superior Ct. 394; *Public Ledger Co. v. Kleinman*, 75 Pa. Superior Ct. 345; *Horning v. David*, 137 Pa. Superior Ct. 252, 254, 8 A. 2d 729, appeal refused, 137 Pa. Superior Ct. XXXIII.

The appeal is dismissed.