## Connelly, etc., v. Laupheimer et al.

*D. M. Hass*, for plaintiff.

*J. J. Davis*, for Madeline Biecker, defendant.

*S. B. Gottlieb*, for Alfred Laupheimer, defendant.

BROWN, JR., P. J., March 19, 1952.—This case came before the court on petition and rule to open judgment entered against defendant Madeline Biecker for want of an answer to plaintiff's complaint in assumpsit in order to permit her to interpose a defense. A copy of her proposed answer was attached to the petition. Copies of the letters referred to in the petition and plaintiff's answer thereto were not attached. No depositions were taken, and in determining the questions

presented the statements of fact by counsel during oral argument and in the briefs were not considered.

Plaintiff's complaint was served on Alfred Laupheimer, the other defendant, on November 10, 1951, and on Madeline Biecker on November 14, 1951. An appearance was entered for both defendants on November 14, 1951, by the same counsel, but their defenses were conflicting (which is apparent from their respective answers to the complaint), and he withdrew his appearance for Alfred Laupheimer and other counsel entered an appearance for the latter on November 30, 1951. The answer of Alfred Laupheimer to the complaint was filed on December 18, 1951. Although this was thirty-eight days from the date of service of the complaint on him, or eighteen days after the expiration of the twenty days provided for in Pa. R. C. P. 1026 and 1361, judgment by default was not taken against him.

On November 13, 1951, three days after service of the complaint on Alfred Laupheimer and the day before service thereof on Madeline Biecker, counsel, who then represented both of them and subsequently only the latter, wrote to plaintiff's attorney requesting the waiver of the twenty day period. Although plaintiff's attorney never expressly agreed to waive this, it does not appear that he *ever* notified either of defendants' counsel that he would not agree to do so. It is obvious, however, that an extension of time was granted by plaintiff's attorney to each of defendants' respective counsel.

According to the averments in both the petition to open the judgment and the answer thereto, the filing of the answer of Madeline Biecker to the complaint was or became due on December 5, 1951. Fifteen days later, on December 20, 1951, plaintiff's attorney called her counsel and asked when the answer would be filed, to which the latter replied that he would endeavor to file it on or before December 21, 1951. It does not appear

that in this conversation plaintiff's attorney informed defendant's counsel that the answer must be filed no later than December 21, 1951, or on or before any other special day, or else judgment would be entered by default.

On December 21, 1951, defendant's counsel wrote to plaintiff's attorney that due to his departure for the Christmas holidays, he was unable to have the answer completed and filed until the week of December 31, 1951. This letter was received by plaintiff's attorney on December 22, 1951, and four days later, on December 26, 1951, at a time when he had been informed defendant's counsel was out of the city, he caused judgment to be entered against her for want of an answer. Thus, when defendant's counsel realized that the answer could not be filed on December 21, 1951, the day he expected to do so, he immediately wrote plaintiff's attorney that it would be filed in approximately ten days or so. Considering that this period was during a holiday season when there were fewer working days than usual, such delay was not unreasonable. While defendant's counsel wrote the letter of December 21, 1951, without first consulting with plaintiff's attorney, it appears that he had reason to assume or believe that the latter would allow such an extension of time. The indulgence up to that time and the failure of plaintiff's attorney to insist that the answer be filed on or before a specific date—such as December 21 or December 26, 1951—fully justified such a conclusion. Moreover, although plaintiff's attorney knew from the letter of defendant's counsel that the latter was on vacation and relying on being able to file the answer upon returning after the holidays, it does not appear that he made any attempt to communicate with the latter's office to inform an associate that he intended to enter judgment if the answer was not filed meanwhile. Nor does it appear that at any time he informed defendant's counsel that

he refused to grant a waiver of the twenty day period or demanded that the answer be filed on or before a day certain.

Upon the return of defendant's counsel from the Christmas holidays, he discovered the entry of judgment against his client in his absence, and so advised her. On January 7, 1952, her petition to open the judgment was filed. In the petition she avers that the failure to file the answer was the fault of her counsel, and that she had a full, just and complete defense to plaintiff's claim. As stated above, a copy of her proposed answer to the complaint was attached to the petition, and this disclosed that she had a real and valid defense to the claim if her allegations were true.

In *Fuel City Mfg. Co. v. Waynesburg Products Corporation*, 268 Pa. 441, it was held (at pages 445-446) that the principle that the default of the attorney is visited upon the client, on the ground of agency, and affords no ground for relief, "has not been extended to judgments entered by default." In distinguishing the cases enunciating that principle, it was pointed out (on page 446) that under the Practice Act of 1915, a defendant, who had not filed his affidavit of defense within fifteen days from the day when the statement of claim was served upon him, was in default and liable to have judgment entered against him, but this provision was not "a prohibition against filing the affidavit after the time limit, where judgment has not been entered, or, if entered, upon a rule to open it." Likewise, in *Fisher v. Hill*, 368 Pa. 53, the Supreme Court held (at page 56) that the word "shall" in Pa. R. C. P. 1026 and 1361, which provide that every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading if notice to plead is endorsed thereon, "is not mandatory in the sense that it admits no exception unless an extension of time is secured by agreement of the parties or by

leave of court as provided for in Rule No. 1003. Neither under the Practice Act of 1915 where the word 'shall' was used nor under the present Rules of Civil Procedure has this Court regarded such provisions as to pleading so mandatory as not to permit exceptions where justice requires."

"The power of the court to grant relief from a judgment entered by default due to mistake or oversight of counsel is one which is frequently exercised in the interest of justice (Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441, 444, and cases cited), . . ." *National Finance Corp. v. Bergdoll*, 300 Pa. 540, 541. In that case, the order of this court opening the judgment entered for want of an affidavit of defense in an action of assumpsit was affirmed. There was "a default of counsel on both sides," and, as so well expressed for us by the late President Judge Thomas D. Finletter, "we think it more important, in the interest of justice, that cases should be decided on the merits than that they should depend upon the care or want of care of counsel."

"It has been long a custom in Pennsylvania to grant relief from a judgment entered by default where the failure is due to a mistake or oversight [misunderstanding or negligence] of counsel and where application is promptly made and a reasonable excuse for the default offered. . . ." *Pinsky v. Master, Admrx., et al.*, 343 Pa. 451, 452. "Petitions to open judgments by default are addressed to the trial court's sound discretion and are essentially equitable proceedings ruled by equitable principles . . .; relief will be given where such a petition is promptly filed, the default reasonably explained or excused, and a defense shown to exist upon the merits. . . ." *Quaker City C. & C. Co. v. Warnock*, 347 Pa. 186, 190. These prerequisites to the opening of a judgment were all present in the instant case. Application to open the judgment was made within twelve

days after judgment was entered in the absence of defendant's counsel from the city; the failure to file an answer reasonably explained, and a defense shown to exist upon the merits.

The facts in the cases cited by plaintiff are not analogous to those in the present proceeding. Thus, in *Derbyshire Brothers v. McManamy et al.*, 101 Pa. Superior Ct. 514, and again in *Slotnick et al. v. Lavine et al.*, 160 Pa. Superior Ct. 186, there were indulgences by counsel for one party and long continued default by counsel for the other, and judgments were not entered until after peremptory demands that the respective pleadings be filed followed by further indulgences, whereas in the instant case, as noted above, plaintiff's attorney made no such demand at any time on defendant's counsel, but, without notice or warning to the latter, entered judgment. Also, in the *Derbyshire* case judgment was not taken for approximately four months, and in the *Slotnick* case for approximately three months after the time when the particular pleadings were due to be filed. In the present case, judgment was taken three weeks from the expiration of the twenty days provided for in Pa. R. C. P. 1026 and 1361, notwithstanding that a request for a waiver had been made and indulgences granted.

In view of the indefinite indulgences granted defendant's counsel as to the time for filing the answer, "plaintiff's attorney should not have taken judgment without first notifying [the former] of his intention to ask for judgment if an [answer] was not filed by a specified reasonable time. If circumstances *justifying* additional delay then existed, defendant's [counsel] could have applied to the court for a reasonable further extension of time and obtained it." *Welzel v. Link-Belt Company et al.*, 154 Pa. Superior Ct. 66, 68. In *Curran v. James Regulator Company*, 154 Pa. Superior Ct. 261, it was noted (on page 265) that a sense of

moral obligation requires one member of the bar *not* to apply for a default judgment, except in the rarest circumstances, "without giving to his opponent fair notice of his intention to do so and an opportunity to be heard." That there was no agreement in writing between defendant's counsel and plaintiff's attorney as provided for by Pa. R. C. P. 201, but only a written request by the former and actual indulgence or acquiescence in the request by the latter, was no bar to consideration being given to their conduct, together with the other circumstances of the case, in determining that judgment should be opened. *Britton v. Continental Mining & Smelting Corporation*, 366 Pa. 82, 85. Furthermore, the "manifest anxiety to prevail by a default judgment bespeaks a lack of faith in a recovery [upon plaintiff's being] relegated to a test of [his] claim on the merits. [Permitting] the defense may prove detrimental to [him] but it does not constitute prejudice, for there is no deprivation or invasion of [his] rights which could mean a loss to [him] other than such as may result from a successful defense by [defendant]." *Oppenheimer et al. v. Shapiro*, 163 Pa. Superior Ct. 185, 188-189.

From the facts and circumstances in this case, it was apparent that, in the interest of justice, the judgment entered against defendant Madeline Biecker should be opened in order to permit her to file an answer to the complaint and the case to be decided on the merits.

Accordingly, the rule to open judgment was made absolute, and leave was given to defendant Madeline Biecker to file an answer within fifteen days. On the filing of the answer in eight days, the case was at issue as to both defendants and awaited trial on the merits.