# Colquhoun *v.* General Flooring & Manufacturing Co., Appellant.

*Judgment—Opening judgment—Discretion of court—Conflict of testimony.*

A rule to open a judgment is an equitable proceeding addressed to the sound discretion of the court below.

The refusal to open a judgment will not be reviewed by the appellate court merely because there is a conflict of testimony between the plaintiff and defendant.

Argued Oct. 14, 1915.   Appeal, No. 55, Oct. T., 1915, by defendant, from order of Municipal Court, Philadelphia County, Feb. T., 1915, No. 5, discharging rule to open judgment in case of J. W. Colquhoun v. General Flooring & Manufacturing Co.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Rule to open judgment.   Before KNOWLES, J.
The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule to open judgment.

*D. Howard Evans,* for appellant.

*J. B. Colahan, 3d,* for appellee.

OPINION BY ORLADY, P. J., March 1, 1916:
The plaintiff brought suit to recover certain wages for services rendered by him to the defendant, and attached to his statement of claim a list of admitted credits, leaving due the sum of $329.00.   The sheriff served the summons, and with it the statement of claim and a rule to plead, and ten days thereafter the plaintiff had a judgment entered in his favor for want of an answer.   A pe-

tition was then presented to open this judgment, a rule was granted, and after additional pleadings, a hearing was had before a judge of the Municipal Court. The only witnesses examined were the plaintiff, and the president of the defendant corporation. The order made by the court was, "Rule to open judgment dismissed after a hearing of the case upon its merits." This was an equitable proceeding, addressed to the sound discretion of the court below. On an appeal from a refusal to open the question to be decided is, whether that discretion was properly exercised: Mullet v. Hensel, 7 Pa. Superior Ct. 524. This has been so universally accepted as the law that it is not necessary to cite additional authorities. It is a mistake to suppose that the court to which the application is made cannot judge of the weight of the evidence and the credibility of the witnesses, but, in every case where there is a conflict of testimony, must send the case to a jury: Jenkintown Bank v. Fulmor, 124 Pa. 337; Frey v. Gingrich, 55 Pa. Superior Ct. 415; Italian, Etc., Banking Assn. v. La. Spada, 58 Pa. Superior Ct. 576. The contest on the witness stand was confined to the parties, who knew all the facts, and it resulted in the one oath being adverse to the other. The judge who disposed of the rule had the advantage of seeing and hearing the parties, and we see no reversible error in his conclusion.

The judgment is affirmed.