## Horning, Appellant, *v.* David.

Argued April 21, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*J. Vincent Burke, Jr.,* with him *Campbell, Wick, Houck & Thomas,* for appellant.

*M. J. Hosack,* with him *Frank J. Zappala,* for appellee.

OPINION BY PARKER, J., October 17, 1939:

This is an appeal from an order of the court below making absolute a rule to show cause why a judgment should not be opened. A summons in trespass was served personally on the defendant February 26, 1938, but through neglect of defendant's counsel an appearance was not entered for the defendant. The case was in due course placed on a trial list and was tried on May 16, 1938, without the presence or actual knowledge of defendant or his counsel. A verdict was rendered for the plaintiff and judgment was entered on May 28, 1938. On August 10, 1938, on petition of defendant, a rule was issued to show cause why the judgment should not be opened. An answer was filed and after argument the rule was made absolute. The majority of this court are of the opinion that the order should be affirmed.

The action arose by reason of a collision on a public highway between cars driven by plaintiff and defendant, each charging that the collision was due to the negligence of the other. Each employed counsel and there were negotiations on several occasions between the respective counsel for the parties looking to an amicable settlement of the controversy. This suit was brought in the County Court of Allegheny County and on February 25, 1938, this defendant brought action

against this plaintiff in the Court of Common Pleas of Allegheny County, but the summons was not served. An alias summons was issued and served on Richard O. Horning on May 25, 1938, after the verdict was rendered in this action but before judgment was entered on the verdict. The trial judge in her opinion filed in support of her order said that she would not have proceeded with the trial if she had known defendant was represented by counsel, until an effort had been made to contact such counsel.

In proceedings of this nature the controlling question is whether the action of the court below constituted an abuse of discretion: *Kelber v. Pittsburgh N. Plow Co.,* 146 Pa. 485, 23 A. 335; *Colquhoun v. Gen. F. & M. Co.,* 62 Pa. Superior Ct. 85; *Tressler v. Emerick,* 278 Pa. 128, 122 A. 229; *National Finance Corp. v. Bergdoll,* 300 Pa. 540, 151 A. 12; *Rambo B. & L. Assn. v. Dragone,* 311 Pa. 422, 425, 166 A. 888. "The court's action was a matter within its sound discretion *(Williamsport National Bank v. Kreamer,* 230 Pa. 515) and will not be reversed unless abuse appears affirmatively on the record *(International Harvester Co. v. Miller,* 51 Pa. Superior Ct. 324) to the substantial prejudice of the defendant: *Kulp v. Lehigh Valley Transit Co.,* 81 Pa. Superior Ct. 296": *McFadden v. Pennzoil Co.,* 326 Pa. 277, 278, 191 A. 584.

"The power of the court to grant relief from a judgment entered by default due to mistake or oversight of counsel is one which is frequently exercised in the interest of justice *(Fuel City Mfg. Co. v. Waynesburg Products Corp.,* 268 Pa. 441, 444, and cases cited)": *National Finance Corp. v. Bergdoll,* supra (p. 541).

The application was made within a reasonable time and after less delay than in *Kelber v. Pittsburgh N. Plow Co.,* supra. There judgment was taken for want of an appearance on September 5, 1888, and the petition to open the judgment was not presented until May

12, 1890, although satisfactory reasons were given for the delay. There is nothing in the record to indicate substantial prejudice to the plaintiff. The parties argued the case before the court below which was in a position to determine the merits of the petition to open. We cannot under such circumstances convict the court below of abuse of discretion and the order must therefore be affirmed. We think, however, that the defendant should be required to pay the costs incurred at the trial, including the plaintiff's bill of costs, if any, for the service of subpoenas and for the attendance of witnesses.

The order of the court below as modified is affirmed.

DISSENTING OPINION BY RHODES, J.:

In my opinion the judgment entered on the verdict should not be disturbed; I think that the court below erred when it made the rule to open the judgment absolute. There was no irregularity in the proceedings which led up to the verdict of the jury, and I do not consider *National Finance Corp. v. Bergdoll,* 300 Pa. 540, 151 A. 12, and similar cases controlling. The defendant had been properly served; the case was listed and tried in its regular turn. The petition, to which a responsive answer was filed, does not satisfactorily explain defendant's delinquency. No testimony was taken on the petition and answer but argument was heard on petition and answer alone; and it appears that defendant so ordered the case for hearing. Therefore all relevant averments of the answer must be accepted as true, and all facts in the petition which were denied in the answer must be rejected. *M. A. Long Co. v. Keystone Portland Cement Co.,* 302 Pa. 308, 153 A. 429; *Welmet Building & Loan Ass'n v. Matchica,* 310 Pa. 275, 165 A. 227; *Hild v. Dunn,* 310 Pa. 289, 292, 165 A. 228; *Harr, Secretary of Banking et al. v. Bernheimer et al.,* 322 Pa. 412, 185 A. 857; *Feldman v. Leace,* 71 Pa. Superior Ct. 239; *Rebic et al.*

*v. Gulf Refining Co.,* 122 Pa. Superior Ct. 149, 186 A. 236. But the petition does not even state that the attorney was retained by defendant to defend the suit in question, or to whose inadvertence the neglect to appear was due. In short the petition does not set forth facts which disclose that defendant suffered the judgment to be entered for any excusable reason.

In addition, the petition to open the judgment was not signed and sworn to by defendant, and no reason appears therein for its having been executed and sworn to by an attorney. See *Borteck et al. v. Goldenburg et al.,* 87 Pa. Superior Ct. 602. Defendant should have explained on his own oath the cause of his apparent laches, and have sworn to a good defense; and if the allegations were disputed by a responsive answer the issues thus made should have been supported in the usual manner.

I would therefore reverse the action of the court below, and affirm the judgment entered on the verdict in this case.

KELLER, P. J., concurs in this dissent.