Pinsky, Appellant, *v.* Master, Admrx., et al.

Argued December 2, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Leonard J. Schwartz,* with him *A. Alfred Wasserman,* for appellant.

*Thomas E. Comber, Jr.,* for appellee.

PER CURIAM, January 5, 1942:

The plaintiff began this action in trespass against the administratrix of the estate of Bernard A. Master, deceased, and the defendant brought upon the record Goldstein's Fruit and Produce, Inc., and Vernon Ford,

as additional defendants, under Rule No. 2252, Pennsylvania Rules of Civil Procedure. Thereupon, Goldstein's filed an answer which was served on plaintiff on August 2, 1941. Plaintiff failed to file a supplementary statement against Goldstein's within twenty days, as required by Rule No. 2258, Pa. R. C. P.[1] After six months, she petitioned the court below for leave to file nunc pro tunc a supplementary statement against Goldstein's Fruit and Produce, Inc., and Vernon Ford. The rule was discharged without prejudice to proceed against Ford, and the plaintiff has appealed.[2]

In her petition for relief, plaintiff alleged that "through a misunderstanding by Counsel for Plaintiff" the supplementary statement was not filed. The misunderstanding was not explained, but in the brief and on the oral argument counsel assumed full responsibility for his negligence in not filing the pleading.

It has been long a custom in Pennsylvania to grant relief from a judgment entered by default where the failure is due to a mistake or oversight of counsel and where application is promptly made and a reasonable excuse for the default offered: *Fuel City Mfg. Co. v. Waynesburg Products Corp.,* 268 Pa. 441, 445, 112 A. 145; *National Finance Corp. v. Bergdoll,* 300 Pa. 540, 151 A. 12; *Horning v. David,* 137 Pa. Superior Ct. 252, 8 A. 2d 729. Assuming, arguendo, that the court below had the power to relieve plaintiff from the default, and also assuming that the failure was chargeable to counsel alone, the fact remains that the relief sought was by

---

[1] "(a) A plaintiff desiring to assert a claim against an additional defendant shall file a supplementary statement of his cause of action against such additional defendant within twenty days after service upon the plaintiff of a copy of the answer of the additional defendant, unless the court shall extend the time for filing such supplementary statement upon cause shown. . . .

"(c) The failure of the plaintiff to file a supplementary statement within the period fixed by clause (a) of this rule shall bar him from any recovery against such additional defendant."

[2] Ford had not filed an answer to original defendant's petition.

way of grace and not of right. It follows that we may not reverse the court below unless there was a clear abuse of legal discretion.

The court below predicated its refusal to grant the relief on the grounds that the application was not made with reasonable promptness, that the rules have been in force for a considerable time, and that counsel had failed to heed the warning given in two decisions by courts of common pleas in Philadelphia County. This was a matter peculiarly for the court below and we find nothing in the record showing an abuse of legal discretion by that court.

The order of the court below is affirmed at the costs of the appellant.