McBride et al., Appellants, *v.* Rome Township.

Argued March 25, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*L. Pat McGrath,* with him *A. R. McGrath* and *Thomas & Kiebort,* for appellant.

*Stuart A. Culbertson,* with him *Herbert A. Mook,* for appellee.

Opinion by MR. JUSTICE PARKER, May 10, 1943:

This is an action in trespass against a municipality and it involves an interpretation of the Act of July 1, 1937, P. L. 2547 (53 PS 2774). This act provides in part that any person claiming damages from a municipality arising from negligence of such municipality shall within six months from the date of the negligence complained of "file in the office of the clerk or secretary of such municipality a notice in writing of such claim, stating briefly the facts upon which the claim is based."

The accident, which occurred on June 10, 1939, was asserted to have been due to defendant's negligent maintenance of a public road. No notice as provided by the act was filed with the secretary of the township but on May 9, 1940, eleven months after the accident, a summons in trespass was issued and a statement of claim was filed. On May 15, 1940, a general appearance was entered for the defendant and on June 3, 1940, a rule for a more specific statement of claim was filed. In the meantime plaintiffs' counsel became aware of the fact that they had failed to comply with the Act of 1937 and they then filed a petition asking leave to file notice of the claim with the township nunc pro tunc and asking that the suit started be allowed to stand and that they be permitted to proceed to trial. The petition was made pursuant to a further provision of the said Act of 1937 as follows: "No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first have been secured." The court below granted a rule to show cause, an answer was filed and testimony was taken. It appeared that counsel was employed by plaintiffs within a week after the accident, that the failure to give the

required notice occurred either through counsel's negligence or ignorance of the law, and that the township commissioners learned of the accident within a few days thereafter and repaired the road within two weeks. The court below discharged the rule holding that it was without authority to allow the notice to be filed nunc pro tunc and that the petitioners had failed to show a reasonable excuse within the meaning of the statute.

This is the first time that the construction of this statute has been before this court. In *Lutz* v. *Scranton,* 140 Pa. Superior Ct. 139, 13 A. 2d 121, the Superior Court held, following rulings in other jurisdictions, that where the action was brought and a statement of claim was filed within six months of the accident the requirement of notice was thereby supplied. While the provision for giving notice is mandatory in its terms and is made a condition precedent to the right to sue, it provides for relief upon a showing of a "reasonable excuse". The legislature evidently had in mind the conflicts in decisions in other jurisdictions where like acts contained no exceptions and a strict construction entailed many hardships: Cf. 6 McQuillin on Municipal Corporations (2d Ed.) §2886 et seq.

The controlling facts are not in dispute. It therefore remains only to inquire whether the legal grounds on which the court below based its decision are tenable and whether the action of the court below amounted to an abuse of legal discretion: *Fuel City Mfg. Co.* v. *Waynesburg Products Corp.,* 268 Pa. 441, 446, 112 A. 145. If this act had not contained an exception, the mandatory nature of the initial provisions of the act and the fact that previous notice was a condition precedent to the right to bring the action would have prevented the court from granting the relief asked: *Ward* v. *Letzkus,* 152 Pa. 318, 25 A. 778; *Schrenkeisen* v. *Kishbaugh,* 162 Pa. 45, 48, 29 A. 284; *Singer* v. *Del., L. & W. R. R. Co.,* 254 Pa. 502, 505, 98 A. 1059; *Wise* v. *Cambridge Springs Boro.,* 262 Pa. 139, 144, 104 A. 863; *Nixon* v. *Nixon,* 329 Pa.

256, 198 A. 154. The act does provide for relief where reasonable excuse is shown and the courts, when they had the power so to do, have frequently granted relief from conditions occasioned by the negligence of counsel. For example, we have frequently granted relief from a judgment entered by default where application was promptly made: *Sterling* v. *Ritchey*, 17 S. & R. 263; *Fuel City Mfg. Co.* v. *Waynesburg Products Corp.*, supra; *National Finance Corp.* v. *Bergdoll*, 300 Pa. 540, 151 A. 12; *McFadden* v. *Pennzoil Co.*, 326 Pa. 277, 191 A. 584; *Horning* v. *David*, 137 Pa. Superior Ct. 252, 8 A. 2d 729. In short, the appellate courts of this state have uniformly recognized the negligence of counsel as a reasonable ground for relief where the court has the power to grant such relief and it could be done without imposing undue hardship upon the opponents. We see no reason why the same indulgence should not be extended to a plaintiff that is extended to a defendant. We must assume in construing the provision in question that the legislature had in mind in including the exception in this act the decisions of the courts holding that negligence of counsel did furnish a reasonable excuse for relief.

The claim of a minor is here involved and it would seem that no undue hardship was imposed upon the defendant, for the road commissioners within a few days after the accident knew of the condition which had caused the accident and repaired the defect in the road. This of itself would not have been the equivalent of notice (6 McQuillin on Municipal Corporations, §2888; *Crocker* v. *Hartford*, 66 Conn. 387, 34 A. 98), but it does have a bearing on the right to relief on the grounds claimed. We are all of the opinion that the relief requested should have been granted.

The present controversy having arisen through no fault of the defendant, the plaintiffs should pay the costs incurred up to this time.

The order of the court below is reversed and the record is remitted to the court below with instructions to make the rule absolute upon the payment of all costs accrued to date.