Opinion by
 

 Dithrich, J.,
 

 This is an appeal from the refusal of the court below to open a judgment entered under Rule 1047 of the Pa. Rules of Civil Procedure, which provides: “The prothonotary, on praecipe of the plaintiff, shall enter judgment against a defendant by whom no appearance or pleading to the complaint is filed. In this case, the damages shall be assessed at a trial at which the issues shall be limited to the amount of the damages.” A motion to strike the judgment was also made but at the oral argument and in appellant’s brief it is stated that “counsel for the Appellant will confine his argument solely to the question of the refusal to open the judgment.”
 

 The action is in trespass and grows out of the operation of an automobile by the appellant defendant. The accident occurred May 30, 1948, and suit was brought July 23, 1948. The intervening time had been devoted largely to an effort to effect a settlement. Service of the complaint was made on August 3, 1948, and judgment in default of an appearance was taken on the 26th day of August, 1948.
 

 The petition to open avers: that “within one week after service of the Complaint petitioner referred the matter to his attorney,” who advised petitioner that he was covered by automobile liability insurance, the policy having been purchased by his foster mother, who died “without delivering said policy to petitioner or informing him of his coverage”; that petitioner’s attorney referred the suit to the insurance broker; that the latter required an accident report on the company’s forms; that two weeks after service of the complaint, the forms
 
 *188
 
 not having been received, the formal complaint was mailed by petitioner’s attorney to the insurance broker; that they were later received, filled out, and returned to the broker; that the insurance company then referred the matter to its attorneys; that they were not retained to defend the action until August 31, 1948; and that when they attempted to enter their appearance on September 2, 1948, they discovered that judgment had been entered on August 26.
 

 Upon this record the learned court below discharged defendant’s rule to open the judgment. The court said: “Upon a careful consideration of the record, we concluded that the prerequisites to the opening of this judgment are not present in this case. The defendant, in our opinion,
 
 has not shown a good ewcuse for the default
 
 and, for that reason, we discharged the rule to open. The judgment, however, does not foreclose to the defendant the right to resist and defend against the measure of damages.” (Emphasis added.)
 

 In
 
 Pinsky v. Master,
 
 343 Pa. 451, 23 A. 2d 727, the Court said in a Per Curiam opinion, pp. 452, 453: “It has been long a custom in Pennsylvania to grant relief from a judgment entered by default where the failure is due to a mistake or oversight of counsel and where application is promptly made and a reasonable excuse for the default offered: Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441, 445, 112 A. 145; National Finance Corp. v. Bergdoll, 300 Pa. 540, 151 A. 12; Horning v. David, 137 Pa. Superior Ct. 252, 8 A. 2d 729. Assuming, arguendo, that the court below had the power to relieve plaintiff from the default, and also assuming that the failure was chargeable to counsel alone, the fact remains that the relief sought was by way of grace and not of right. It follows that we may not reverse the court below unless there was a clear abuse of legal discretion.”
 

 
 *189
 
 Assuming,
 
 arguendo,
 
 in tlie instant case, that the failure was chargeable to the insurance broker, or the insurance company’s attorneys, a clear abuse of discretion on the part of the learned court below would have to appear before we would have the right to reverse. Plaintiffs could not be expected to wait indefinitely until it could be settled by the defense whether the action was to be defended by the defendant personally or by his insurance carrier, before proceeding to judgment.
 

 We feel that under all the circumstances this was a matter peculiarly for the court below and that appellant, has failed to show an abuse of discretion. See
 
 Slotnick v. Lavinc,
 
 160 Pa. Superior Ct. 186, 50 A. 2d 544;
 
 Brown
 
 &
 
 Bigelow, Inc., v. Borish,
 
 165 Pa. Superior Ct. 308, 67 A. 2d 823.
 

 Order affirmed.