## Geo. Q. Moon & Co. v. Graber

*Karl A. Wagner, Edward S. Dermody* and *George G. Coughlin,* for plaintiff.

*Sidney L. Krawitz* and *George Robinson,* for defendant.

DAVIS, P. J., September 18, 1950.—This matter comes before the court on rule to show cause why amendment to plaintiff's answer to defendant's petition to open judgment should not be allowed.

On April 9, 1948, plaintiff, Geo. Q. Moon & Co., entered a judgment by confession against defendant, Fred Graber, on a note dated April 7, 1948. On September 3, 1948, pursuant to a petition by defendant, a rule was granted on plaintiff to show cause why the judgment should not be opened. On September 25, 1948, plaintiff filed its answer to defendant's petition to open judgment, generally denying the allegations of defendant's petition. Subsequently, on a date not disclosed by the record, the parties met for the purpose of taking depositions before J. Russell Eshback, prothonotary. Counsel for defendant placed on the record various paragraphs of defendant's petition which he maintained had not been properly denied in plaintiff's answer. Counsel for plaintiff moved to amend the answer by making specific denials to which counsel for defendant objected and plead surprise.

The record discloses the following, inter alia:

"Mr. Krawitz:

"As to the motion to amend, defendant refuses, but must plead surprise, and desires to discontinue for the following reasons:

"To be afforded an opportunity to know the answers of defendant (plaintiff) and determine if that is sufficient answer to the petition to open.

"2. Counsel for defendant feels that it would jeopardize the rights of defendant to proceed without first having a rule by the court to determine if the cause to amend should be allowed or denied, and until a ruling is obtained from the court defendant's counsel feels it is impossible to determine the issues to be tried.

"Mr. Wagner:

"Counsel for plaintiff withdraws the motions made to amend the answer, answering paragraphs 3 to 9, inclusive, of the petition to open."

The matter proceeded and defendant and one witness were called and examined on behalf of defendant and cross-examined by plaintiff. At the conclusion of the testimony of defendant, Fred Graber, plaintiff again moved to amend its answer. Defendant objected and the taking of depositions was apparently discontinued. On April 17, 1950, plaintiff filed its petition to amend its answer, and rule was issued. The matter came on for argument before the court on August 29, 1950.

This proceeding is equitable in nature, and therefore, equitable principles are applicable. Equity Rule 56 provides, inter alia:

". . . and they (pleadings) may be amended in any respect, at any time prior to an appeal from the final decree, by leave of the court upon cause shown, on such terms and conditions as to trial, continuance and costs as to the court shall seem meet."

On the law side it has long been established that the lower court should be liberal in allowing amendments.

"It is well settled in this Commonwealth that while the right to amend pleadings is ordinarily a matter resting in the sound discretion of the trial court, amendments should be allowed with great liberality at

any stage of the case, unless, of course, they violate the law or prejudice the rights of the opposing party (Miners Savings Bank v. Naylor, 342 Pa. 273, 20 A. 2d 287); . . .": Arzinger et al. v. Baughman et al., 348 Pa. 84, 86.

Under ordinary circumstances we would not hesitate to allow the proposed amendments at this stage of the proceeding. The difficulty in this case arises out of the action of counsel for plaintiff at the time the parties met to take depositions. Defendant's counsel having informed plaintiff's counsel that he would not proceed if plaintiff pressed for amendment of the pleadings, the withdrawal of the motion for amendment was tantamount to a representation by counsel for plaintiff that the case would proceed on the pleadings as they existed in relation to the questions that had been raised.

Without explanation, to move again for the same amendment immediately after defendant had been examined and cross-examined casts doubt on the bona fides of the withdrawal of the motion to amend. Nevertheless, we are hesitant to withhold permission to amend because the rights of plaintiff might be prejudiced in so doing.

"This court is quite reluctant to foreclose a party because of the failing of his counsel (National Finance Corp. v. Bergdoll, 300 Pa. 540) when obvious injustice will be done": McFadden v. Pennzoil Company, 326 Pa. 277, 279.

Defendant only produced evidence to sustain the allegations of his petition. In any event he would have been required to produce this evidence before plaintiff would have been under any obligation to produce opposing evidence. If the amendment is allowed we do not believe that the consequent longer period of time intervening between the time when defendant's depositions were taken and the time when plaintiff would be

222

required to produce his evidence would adversely affect defendant's rights in any vital respect. Therefore, the amendment will be allowed.

And now, September 18, 1950, the within rule is made absolute and plaintiff is allowed to amend its answer as set forth in its petition.