## Seiscio v. Clarke

*S. Thomas Bulfamonte*, for plaintiff.
*William L. Huganir*, for defendant.

FORREST, J., May 19, 1955.—This action in assumpsit was instituted by the filing of a complaint alleging that defendant agreed under an oral contract to remove the oil from the motor of plaintiff's truck and to replace it with new oil, that defendant drained the oil from the motor, but neglected to replace it with new oil and that as a result plaintiff's motor was damaged. No appearance having been entered or answer filed for defendant, plaintiff obtained default judgment in due course. Eleven days after the entry of judgment, a petition to open the judgment was filed. Attached to the petition is a proposed answer branding the complaint a deliberate falsehood and further alleging surrounding circumstances lending credibility to defendant's accusation. Also attached to the petition is a proposed counterclaim for gasoline and petroleum products which defendant allegedly sold to plaintiff.

In support of the petition to open judgment, counsel for petitioner by agreement with opposing counsel, has filed an affidavit in lieu of a deposition. The

affidavit sets forth that after the sheriff served the complaint defendant temporarily mislaid it for 13 days, but then promptly consulted counsel and directed the filing of an answer and counterclaim. The information divulged to counsel indicated that plaintiff had first attempted to induce defendant to aid in the perpetration of a fraud on an insurance company and, after failing in such attempt, he then turned against defendant; that counsel considered such information so extraordinary as to warrant an investigation before preparing and filing pleadings; that the failure to file an answer within the 20-day period was attributable solely to counsel. No deposition on behalf of plaintiff was filed. In these circumstances should the judgment be opened?

"An application to open a judgment is an equitable proceeding and rests in the sound discretion of the court. Brown & Bigelow, Inc., v. Borish, 165 Pa. Superior Ct. 308, 67 A. 2d 823. A petitioner must show a reasonable explanation for his delay or default and a meritorious defense to the action. Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441, 112 A. 145; Brown & Bigelow, Inc., v. Borish, supra. . . . Mistake or oversight by counsel occasioning prejudice to defendant's rights has been held to constitute a valid basis for the opening of a judgment . . . especially where the application to open was made within a reasonable time and any delay that existed caused no injury or prejudice to the plaintiff. See Kelber v. Pittsburgh National Plow Co., 146 Pa. 485, 23 A. 335; Horning v. David, supra (137 Pa. Superior Ct. 252)": Borjes v. Wich, 171 Pa. Superior Ct. 505, 507 (1952).

In Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441, 445 (1920), quoting from an earlier decision, the court said:

"There has been no fault chargeable to the account of the party, and the oversight of his counsel ought not to prejudice him."

A more recent decision states:

"It has long been a custom in Pennsylvania to grant relief from a judgment entered by default where the failure is due to a mistake or oversight of counsel and where application is promptly made and a reasonable excuse for the default offered": Pinsky v. Master, 343 Pa. 451, 452 (1942), quoted with approval in Clearfield Cheese Co., Inc., v. United Stone and Allied Products Workers of America, 378 Pa. 144, 148 (1954).

What constitutes an excusable mistake or oversight of counsel has never been defined. However, it is clear that "due care", within the meaning of that term as used in tort law, need not be shown in order to make out an excuse. In National Finance Corp. v. Bergdoll, 300 Pa. 540, 541 (1930), counsel for defendant admitted that his failure to file an affidavit within the required time occurred by reason of his own neglect and not of neglect on the part of his client. Nevertheless, the Supreme Court stated:

"The power of the court to grant relief from a judgment entered by default due to mistake or oversight of counsel is one which is frequently exercised in the interest of justice."

This quotation was repeated with approval in Horning v. David, 137 Pa. Superior Ct. 252, 254 (1939). In the recent case of Borjes v. Wich, supra, defendant's attorney freely admitted that he was responsible for the failure to file an appearance or answer in time to prevent entry of judgment by default, yet the Superior Court made absolute a rule to open the judgment.

Since it appears that plaintiff will suffer no injury or prejudice by the opening of this judgment other than being obliged to bear the burden of proving his case the same as other plaintiffs, since defendant has set forth a meritorious defense in proper form, since he has established to our satisfaction that, through mistake or oversight of his counsel, his rights have

been prejudiced, and since the application to open judgment was made within a reasonable time, all the requisites for the opening of judgment are present. We therefore enter the following

### Order

And now, May 19, 1955, the rule to show cause why the judgment should not be opened is made absolute, the judgment is opened and defendant's proposed answer which was attached to the petition to open judgment shall be treated hereafter as defendant's answer to the complaint.