## Brady v. Borough of Port Clinton et al.

Ralph E. Bashore, for plaintiff.

H. G. Stutzman, James P. Bohorad, E. Mac Troutman and Raymond L. Brennan, for defendants.

PALMER, P. J., September 7, 1955.—On July 14, 1950, plaintiff, Eva Brady, was injured as a result of falling over a protruding piece of pipe in the sidewalk, at or near the entrance to the Port Clinton Fire Company, Port Clinton.

Plaintiff was not represented by counsel until October of 1951. In the interval that elapsed between July 14, 1950, and October 1951, there was some uncertainty between the Borough of Port Clinton and the Port Clinton Fire Company, Inc., as to whether the accident occurred upon the property of the fire company or that of the borough.

Counsel for plaintiff filed a complaint in trespass against the fire company, but as he was retained 16 months after the accident, he was barred from proceeding against the borough by the Act of July 1, 1937, P. L. 2547, sec. 1, 53 PS §2774, which provides as follows:

"Hereafter any person, copartnership, association or corporation claiming damages from any county, city, borough, town, township, school district or other municipality, arising from the negligence of such municipality or any employee thereof, shall, within six (6) months from the date of origin of such claim or within six (6) months from the date of the negligence complained of, file in the office of the clerk or secretary of such municipality a notice in writing of such claim, stating briefly the facts upon which the claim is based. Such notice shall be signed by the person or persons claiming damages or their representatives. No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of reasonable excuse for such failure to file said notice shall first have been secured."

On February 26, 1952, plaintiff filed a petition for leave to institute suit against the borough. It is admitted that plaintiff did not file written notice with the borough secretary as required by the act of assembly within the six months' period. A hearing was held to determine the facts upon which plaintiff based her petition.

Plaintiff was 59 years of age at the time of the accident and sustained injuries to her arm and hand which required surgery at St. Joseph's Hospital, Reading. The chief burgess of the borough at that time, William Shoener, testified that Port Clinton Borough has a population of between 400 and 450 persons, and that the accident of plaintiff was a matter of general knowledge in the community.

Plaintiff testified that shortly after her return home from the hospital, a representative of the insurance carrier of the fire company called upon her to obtain facts in relation to the accident and her physical condition, and indicated to her that her claim would be settled. This testimony was corroborated by the chief burgess and the president of the borough council. She further testified that this same representative returned at a later date and told her that there was some question as to whether the fire company or the borough was negligent in causing her accident. He stated that he was consulting with the insurance carrier of the borough as to possible settlement.

William C. Shoener, chief burgess; William C. Mohan, the president of the borough council, and Russel Brommer, secretary of the borough, all testified that at the first meeting of the borough council following the accident and at subsequent meetings, there was discussion as to this accident. As a result of this discussion, Mr. Hartman, the borough engineer, was directed by council to survey the place of the accident to determine whether it was on borough property or

fire company property. Mr. Mohan testified that he visited plaintiff on a number of occasions to determine the facts of the accident and her injuries and reported this information to council.

The purpose of the Act of 1937, supra, is to "provide municipalities with a safeguard against the loss of an opportunity to make timely investigation, and thus avoid the difficulty of defending against stale and fraudulent claims": Lutz v. Scranton, 140 Pa. Superior Ct. 139; Badger v. Upper Darby Township, 348 Pa. 551; Aloia v. City of Washington, 361 Pa. 620; McBride et al. v. Rome Township, 347 Pa. 228.

Plaintiff did not comply with the requirement of written notice as provided in the act of assembly. The only question in this case is whether the attending circumstances were such as to excuse her from giving formal notice to the borough authorities.

The uncontradicted facts show that the members of the Port Clinton Borough Council were fully aware of the accident. After an adjuster for the insurance carrier of the fire company investigated the accident, the council members not only discussed the accident but acted upon this discussion by directing their engineer to determine whether the accident occurred on borough property or fire company property. Because of these facts, it would be folly to state that the borough had no notice of the accident. It would have been a mere formality for plaintiff to submit a written notice, an unnecessary act. Where the undisputed facts show that the municipality had ample notice of the accident and was fully aware thereof within the six months' period, it cannot be injured by a failure to have received the written notice: Badger v. Upper Darby Township, supra; Lutz v. Scranton, supra; Roessing v. City of Erie, 57 D. & C. 377.

And now, September 7, 1955, plaintiff's rule to show cause is made absolute and plaintiff is granted

20 days within which to institute suit against the Borough of Port Clinton.

And now, September 7, 1955, on motion of Howard G. Stutzman and James P. Bohorad, Esqs., attorneys for the Borough of Port Clinton, an exception is allowed.