## Texas and Block House Fish and Game Club *v.* Bonnell Run Hunting and Fishing Corporation et al., Appellant.

Argued January 16, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, JONES and COHEN, JJ.

reargument refused April 15, 1957.

*Charles G. Gartling,* with him *John M. Hill,* for appellants.

*Clyde E. Williamson,* with him *Williamson & Cupp,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, March 18, 1957:

This is an appeal from an order of the Court of Common Pleas of Lycoming County, sitting in equity, refusing to grant relief from a judgment entered by default.

On November 26, 1954 appellee filed a complaint in equity for the specific performance of a contract to determine a boundary line dispute, a contract which had been executed by appellee and appellants. The complaint—regularly endorsed with a notice to plead within 20 days of service—was served upon appellants on November 29, 1954. No appearance was entered nor answer filed to the complaint. On December 22, 1954—23 days subsequent to service of the complaint—appellee filed a praecipe for judgment by default, pursuant to Pa. R. C. P. 1511(a), directing the prothonotary to enter a judgment by default because appellants failed to plead to the complaint.[1] On January 12, 1955—21 days subsequent to entry of the judgment and 44 days after the service of the complaint—appellee petitioned the Court, pursuant to Pa. R. C. P. 1511(b), for a final decree, and a decree was entered on that

---

[1] The learned court below found as a fact that judgment was entered "for want of an appearance" (Rec. 123a), whereas it was entered "for failure to plead" (Rec. 17a).

date. It was not until June 2, 1955—5 months, 10 days subsequent to the entry of judgment and 4 months, 10 days subsequent to the final decree—that appellants petitioned to open the judgment.

The factual background of this litigation is necessary of recitation. Both appellee and appellants hold title to adjoining unseated lands in Lycoming County. In 1928 appellee built and has since maintained a fire line along what it claims is the proper boundary line between the respective properties. Appellants claim that this fire line is entirely on their land. In an attempt to reach an amicable settlement of this boundary line dispute the parties executed a written agreement on January 26, 1953. This agreement provided that each party was to select and employ a surveyor, that the two surveyors thus chosen were to determine the proper boundary line, that the decision reached by the surveyors would bind each set of parties and that the parties would then execute and record in the Recorder's office in Lycoming County an agreement embodying the line thus established.

In accord with this agreement, the surveyors met upon the land and certified their findings as to the correct line. Appellants, although notified of the findings, refused to abide by their agreement upon the grounds that the findings were irreconcilable with the facts, that the surveyors had acted collusively and that the survey had not been completed. It will be noted that the boundary line fixed by the Court's decree of January 12, 1955 was the boundary fixed and certified by the surveyors.

When appellants filed their petition to open the judgment the court granted a rule on appellee, an answer was filed and depositions were taken. On March 26, 1956 the court entered the decree from which this appeal was taken.

On May 10, 1955—almost 4 months after the final decree entering judgment by default and 23 days prior to filing of the petition to open judgment—appellee began the construction of a road in the disputed area upon which it eventually expended $2,850.

Appellants contend that the refusal of the lower court to open the default judgment constituted a clear abuse of its discretion because (1) appellants' failure to plead to the complaint was due solely to the neglect of appellants' former counsel, a neglect not attributable to them, (2) the petition to open the judgment was reasonably prompt in presentation, (3) appellants possess a meritorious defense and (4) appellee would not be prejudiced by the opening of the judgment.

In *Pinsky v. Master, Admrx., et al.*, 343 Pa. 451, 452, 23 A. 2d 727, 728, recognized as a leading case on the subject, it was said: "It has long been a custom in Pennsylvania to grant relief from a judgment entered by default where the failure is due to a mistake or oversight of counsel and where application is promptly made and a reasonable excuse for the default offered: Fuel City Mfg. Co. v. Waynesburg Products Corp., 268 Pa. 441, 445, 112 A. 145; National Finance Corp. v. Bergdoll, 300 Pa. 540, 151 A. 12; Horning v. David, 137 Pa. Superior Ct. 252, 8 A. 2d 729. Assuming, arguendo, that the court below had the power to relieve plaintiff from the default, and also assuming that the failure was chargeable to counsel alone, the fact remains that the relief sought was by way of grace and not of right. It follows that we may not reverse the court below unless there was a clear abuse of legal discretion." See also: *Page v. Patterson*, 105 Pa. Superior Ct. 438, 440, 161 A. 878, 879; *Colacioppo et ux. v. Holcombe*, 166 Pa. Superior Ct. 186, 188, 70 A. 2d 452, 453. Cf: *New York Life Insurance Co. v. Sekula et al.*, 352 Pa. 495, 43 A. 2d 134.

In *Clearfield Cheese Co. v. United Stone and Allied Products Workers of America*, 378 Pa. 144, 148, 106 A. 2d 612, 614, the court cited *Pinsky v. Master, Admrx., et al.,* supra, with approval and then added: "It is now generally recognized throughout the United States that 'An order or decree pro confesso may be vacated on a showing that the defendant has a meritorious defense and that, in failing sooner to present it, he has not been negligent or lacking in reasonable diligence. The tendency of the courts is to be indulgent in granting relief against pro confesso orders and decrees.' (American Jurisprudence, Equity, Volume 19, Sec. 363, page 250)."

The court below had the authority to open the default judgment entered against appellants. However we can and should reverse the lower court only if its refusal to open this judgment constituted a clear abuse of its discretion. In our opinion, the court below did not abuse its discretion.

The learned court below held there was no oversight or mistake on the part of appellants' counsel in failing to plead to the complaint. The record amply supports this conclusion. Appellants' counsel had been retained 6 months prior to the time the complaint was served for the purpose of handling matters involved in the boundary line dispute. A secretary for one of appellants testified that he took the complaint to counsel and they talked of the necessity for filing an answer within 20 days. When the secretary was asked whether he had computed when the 20 days would expire he responded: "No, I didn't, I left it to Mr. Szybist's discretion with the warning that he take care of it; he said he would, and if he found he needed extra time he would try to get it." The secretary further testified that it was not until March 26, 1955—almost 5 months later—that he again personally visited the attorney's office and at that time he was informed

the appellants had bargained away their rights in this matter.

As the learned court below aptly said : "In our opinion the judgment taken in this case should not be opened.  We are of the opinion that the defendants were not acting in good faith, that they delayed in asserting a defense.  We feel that had the defendants been sincere in wanting to defend the action they would have seen that an appearance was filed, as well as an answer.  They took the matter too lightly.

"The defendants blame the delay on their lawyer. They had paid this lawyer a retaining fee six months before the equity action was commenced.  They had other litigation, however, and there is some confusion as to just what the lawyer was supposed to do.  This attorney was not called as a witness although he could have been easily secured.  The defendants' own testimony indicates that the matter of the law suit complained of may have been left to the discretion of the attorney." (Rec. 125a)

The learned court below was entirely justified in concluding that either answering the complaint was left in the attorney's discretion or else appellants were not acting in good faith and not sincerely interested in asserting a defense at that time.  At any rate, it is clear the necessity for filing an answer was recognized and failure to file such answer was not the result of oversight or inadvertence.

Even after becoming aware of the entry of judgment—May 6, 1955—appellants took no further formal action until June 2, 1955—27 days later—when they filed the petition to open judgment.  The court below was justified in concluding that no satisfactory explanation had been given for this delay.  During this period appellee began the construction of the road in the disputed area, thereby making a valuable improve-

ment and changing its position in reliance on the lower court's decree. These considerations compel us to decide that the court below committed no abuse in holding that appellants made no prompt application to open the judgment, gave no reasonable excuse for their delay, and that to allow them to open this judgment would be prejudicial to appellee.

The court below held properly that the appellants had no meritorious defense. Admittedly, appellee constructed a fire line in 1928 and has always maintained that this line constituted the correct boundary between the properties. Appellants agreed to arbitrate the boundary dispute and to accept the findings of the surveyors as final and conclusive and this agreement they breached. Appellants now claim that the findings are incorrect, that the survey was incomplete and that there was collusion between the surveyors. The surveyor employed by appellants under the agreement testified that he signed the certificate of findings because in his opinion the fire line was the only properly marked line in the disputed area. No proof was offered by appellants to substantiate the charge of collusion between the surveyors. The entire factual background of this litigation reveals dilatory tactics on the part of appellants, unreasonable delay in protecting their interests and even a breach of a written understanding.

Under all the circumstances, we are satisfied that the lower court's findings are sustained by the evidence and that the lower court did not abuse its discretion.

Order affirmed with costs on the appellants.