## Sember v. Hickory Township

*Albert E. Acker,* for plaintiff.
*William C. Kuhn,* for defendant.
*George Hardy Rowley,* for additional defendant.

McKay, J., April 15, 1963. — There is before the court a petition by plaintiff for a rule upon two of the defendants, Township of Hickory and City of Sharon, to show cause why the trespass action instituted by

plaintiff "should not proceed to trial." An answer was filed and the matter argued by counsel.

The petition represents a belated move on the part of plaintiff to obtain leave of court to continue with his action against the municipalities, notwithstanding his failure to give them notice of his claim within six months of the date of its origin as required by the Act of July 1, 1937, P. L. 2547, sec. 1.[1]

The suit is a combined action for unlawful death and survival action filed November 26, 1962, by Theodore Sember, administrator of the estate of Bonnie T. Sember, deceased. The complaint was not filed until January 16, 1963. It avers in substance that on December 8, 1961, Bonnie T. Sember was drowned in the Shenango River when the automobile which she was then operating eastwardly on Clark Street during a blinding snow storm was caused to slide off the south side of the pavement because of the slippery snow on the pavement, onto the berm, and then proceeded diagonally in a northeastwardly direction across the street. The car veered onto the berm and then over an abutment unprotected by guard rails into the river. Plaintiff claims damages on behalf of himself as surviving husband and

---

[1] 53 PS §5301. The act reads as follows:

"Notice of claim for negligence against municipality. Hereafter any person, copartnership, association or corporation claiming damages from any county, city, borough, town, township, school district or other municipality, arising from the negligence of such municipality or any employe thereof, shall, within six (6) months from the date of origin of such claim or within six (6) months from the date of the negligence complained of, file in the office of the clerk or secretary of such municipality a notice in writing of such claim, stating briefly the facts upon which the claim is based. Such notice shall be signed by the person or persons claiming damages or their representatives. No cause of action may be validly entered of record where there was a failure to file such notice within the time required by this act, except leave of court to enter such action upon a showing of a reasonable excuse for such failure to file said notice shall first have been secured."

on behalf of David Showman, age 8, and Mark Showman, age 7, they being decedent's minor sons by a prior marriage.

The complaint also alleges that the south half of Clark Street lies within the limits of the City of Sharon[2] at this point and the north half within the limits of the Township of Hickory, and specifies the various respects in which the two municipalities[3] were negligent and thereby caused the death of plaintiff's decedent.

Both defendants raised the question of the failure of plaintiff to file timely notice of his claims by the appropriate method of pleading the defense under new matter in their answers. Plaintiff thereupon presented the pending petition to show cause. When the rule to show cause came on for argument no testimony was taken, it being apparently assumed by all parties that the court would decide the question whether plaintiff should be permitted to proceed with his action under the facts averred in the petition and answer.[4]

The petition for the rule in paragraph 4 avers:

"At the time and upon the day of the accident, the City of Sharon and the Township of Hickory were notified by persons at the scene and came to the scene of

[2] The complaint apparently inadvertently states that the south half of the street also is in the Township of Hickory, but the context indicates that it is in the City of Sharon.

[3] The County of Mercer was added as an additional defendant by the Township of Hickory on March 13, 1963, on the theory that the bridge approach and abutments were alleged to be under the control of the county.

[4] It may be observed that plaintiff filed a reply to the new matter of each defendant in which he set forth certain facts in detail as to the presence of city and township police at the scene of the accident shortly after it occurred and accident reports made by them to their superiors. No notice to answer this pleading, if it is to be considered as such, was endorsed on it, no testimony taken, and no pleading in the nature of a demurrer was filed by either defendant. Accordingly, the facts averred in the reply are not before us.

the accident, assisted in the investigation and the retrieving of the decedent's body, filed respective reports of the occurrence with proper agencies of their governmental units."

Paragraph 3 of the petition also avers that letters of administration were granted on July 19, 1962, which, of course, was more than six months after the happening of the accident.

These averments are not denied in the answers to the petition and are sufficient to enable us to pass upon the issues now before us.

The first question is whether plaintiff was required to file a notice of his claims at all. Plaintiff contends that he is not a "person" within the meaning of the act because he is the administrator of decedent's estate. He points to the Statutory Construction Act[5] which defines a person to include a "corporation, partnership and association as well as a natural person" and reasons that since it does not particularly refer to an administrator of an estate as a person, an administrator is immune from the requirements of the act.

There is no merit to this position. Plaintiff, Theodore Sember, is a natural person. The fact that he filed this suit as the administrator of his wife's estate does not make him anything else than a person. Hence, he was required to give to the municipalities notice of his claims against them before bringing suit upon it.

Plaintiff further contends that inasmuch as plaintiff was not named as administrator until more than six months had elapsed after his wife's death, he could not possibly have complied with the act and that, therefore, it does not apply to his claims. In our opinion, the act still applied to his claims against defendants, except that the six-month time limit was necessarily extended until a reasonable time after the date of his appointment.

---

[5] Act of May 28, 1937, P. L. 1019, sec. 601, 46 PS §601.

When he waited from July 19, 1962, the date of his appointment, until November 26, 1962, to enter his suit, and then neither filed with defendants notices of his claims, applied to the court for leave to file his suit, nor even filed a complaint setting forth the details of his cause of action,[6] but merely caused a summons in trespass to issue, he flagrantly ignored the requirements of the Act of 1937. Accordingly, the suit must be dismissed unless the circumstances averred in the petition constitute an excuse for this disregard of the law, sufficient to require us, in the exercise of our discretion, to permit him to proceed with the suit notwithstanding his procedural aberration.

It will be noted that the Act of 1937 expressly recognizes that there may be situations in which the failure to give notice will be excused in the discretion of the court. As stated by Mr. Justice Stern in Badger v. Upper Darby Township, 348 Pa. 551, at page 553:

"Our . . . legislature apparently recognized that there might be cases where worthy claims would be defeated if the requirement of notice were to be rigidly and inexorably enforced even where the circumstances were such that the object of the statute was otherwise accomplished. Accordingly it gave to the courts a measure of discretion which, in the absence of such a provision, they would not have been permitted to exercise. In pursuance of the power thus granted, it was held, in McBride v. Rome Township, 347 Pa. 228, 32 A. 2d 212, that a claimant was not barred of his action where it was shown that failure to file the notice was due to the negligence of counsel and also that no undue hardship was imposed upon the municipality, for the road commissioners within a few days after the accident

---

[6] In Lutz v. Scranton, 140 Pa. Superior Ct. 139, it was held that a complaint or statement of claim was in itself notice of a claim under the Act of 1937.

knew of the condition which had caused the accident and repaired the defect in the road."

In Zack v. Saxonburg Borough, 386 Pa. 463, cited with approval in Parks v. Clarion Borough, 392 Pa. 265, the court defined the purpose of the statute, at page 465, as follows:

" 'In enacting the statute the legislature clearly intended to provide municipalities with a safeguard against the loss of an opportunity to make timely investigation and thus avoid the difficulty of defending against stale and fraudulent claims.' "

The court further stated at page 470:

"The vital thing was not that the report be made in an ironclad, inflexible, formalistic manner, but that the municipality be informed of the facts which might result in litigation against it."

The court also held that failure to give the notice required in the statute is not a jurisdictional defect, for if it were its failure could not be excused although the act expressly provides for such excuse. The court said, at page 472:

"Like the statute of frauds and similar statutes, it goes to the *recovery* under the cause of action, not the *jurisdiction.*"

The notice requirement of the Act of 1937 has also come before the courts in Aloia v. City of Washington, 361 Pa. 620; Lutz v. Scranton, supra; Matthews v. Plum Township and Plum Township School District, 152 Pa. Superior Ct. 544; and Eisenhauer v. Cleveland Township, 154 Pa. Superior Ct. 206, and in all of these cases the act has likewise been construed liberally.

All of the cases in this field hold that in determining whether the failure to give notice is to be excused, the most weighty circumstance to be considered by the courts is whether the municipality has suffered any undue hardship through lack of the notice. When the municipality has had knowledge of an accident from

which the claim arose and has made timely investigation of the facts attending it, the failure to file the notice invariably has been excused.

In the instant case, agents of both defendants were immediately informed by someone of the accident out of which these claims arose, they investigated it the day that it happened, learned all that there was to be learned about it and reported to defendants. How then could it be said that defendants suffered any undue hardship because plaintiff, who was not appointed administrator until more than six months had elapsed after the accident occurred, failed to notify them within a reasonable time after his appointment that as a result of the accident he had claims against the defendants which he expected to press?

There is one other matter. We cannot ignore the fact that two of the three persons who are the beneficiaries of plaintiff's suit are minors, only seven and eight years of age respectively. The purpose of the excuse clause in the Act of 1937 is to avoid injustice. It is peculiarly gratifying to be permitted by the Act of 1937 to accomplish that purpose in a case like the present one in which the rights of young children are at stake.[7]

*Order*

Now, April 15, 1963, it is ordered that the petition of plaintiff to permit the above entitled case to proceed to trial is granted.

---

[7] In Zack v. Saxonburg Borough, supra, and McBride v. Rome Township, supra, plaintiffs were minors also.