## Butler v. Pepperidge Farm, Inc.

*Arnold Glaberson*, for plaintiffs.
*James P. Bradley*, for defendant.

LAGAKOS, *J.*, November 2, 1977—This matter came before the court on a petition filed by defendant, Pepperidge Farm, Inc. (hereinafter referred to as petitioner) to open a default judgment entered against it on February 16, 1977.

The salient facts surrounding the entry of said default judgment, as gleaned from the various pleadings, are as follows: On July 18, 1975, Keith

Butler (hereinafter referred to as respondent) was a passenger in an automobile which was involved in an accident with a vehicle allegedly owned and being operated by petitioner.

Suit was instituted on November 1, 1976, when respondent filed a complaint in trespass against petitioner. Service was duly made on November 19, 1976, and when petitioner failed to file an answer thereto, judgment by default was entered against it on February 16, 1977, some three months after petitioner was served with process. Petitioner was notified of the entry of this default judgment on the same date.

On May 3, 1977, 76 days later, petitioner filed the instant petition, praying that we open the said judgment.

It is axiomatic that a petition to open judgment in trespass is a matter of judicial discretion which is to be exercised only if (1) the petition to open was promptly filed, and (2) there exists a legitimate explanation or excuse for the delay that occasioned the default judgment: Schutte v. Valley Bargain Center, Inc., 248 Pa. Superior Ct. 532, 375 A. 2d 368 (1977); Zellman v. Fickenscher, 452 Pa. 596, 307 A. 2d 837 (1973).

In the instant case, petitioner avers by way of excuse that the complaint was somehow lost between the time it was accepted and the time it was supposed to have reached the company's controller. Affidavits in support of those averments are attached to the petition.

The cases in this Commonwealth on the question of whether losing court papers constitutes sufficient legal justification to open a default judgment are far from unanimous in their results. Perhaps the leading case in this area is Balk v. Ford Motor

Co., 446 Pa. 137 (1971), a case ignored by both sides in their opposing memoranda of law.

In Balk, supra, it appeared that the complaint somehow vanished after having been received by defendant's insurance carrier. A default judgment was entered for failure to answer the complaint and the trial court opened the judgment on defendant's petition. The Supreme Court affirmed, noting however that "[b]y our decision today we do not intend to reward an insurance company for admittedly negligent conduct." 446 Pa., supra, at 143. See also, Scott v. McEwing, 337 Pa. 273, 10 A. 2d 436 (1940).

More recently, in Schutte v. Valley Bargain Center, Inc., 248 Pa. Superior Ct. 532, 375 A. 2d 368 (1977), our Superior Court accepted as a legitimate explanation for the delay which occasioned a default judgment, the fact that a mix-up occurred between insurance companies as to which would defend the suit, the complaint being lost somewhere along the line. The court again noted, however, as did the Balk court, that not all negligent conduct on the part of an insurance company or a defendant would be excused. See also, Fishman v. Benjamin Noble, Inc., 236 Pa. Superior Ct. 611, 346 A. 2d 359 (1975).

Thus, it can be seen that it is not at all clear which types of "negligent conduct" on the part of a defendant will be excused for purposes of opening a default judgment. It appears, however, that the loss of record papers has been generally considered as that type of conduct given to sympathetic treatment by the court. With that in mind, we will accept petitioner's claimed loss of the instant complaint as a valid excuse for failure to file an answer.

This, however, does not aid the petitioner in the instant case, for, as noted infra, the factors must coalesce: there must be a legitimate excuse, which we have found, *and* the petition to open the default judgment must be promptly filed.

Here, the default judgment was entered on February 16, 1977, and notice to petitioner under Pa.R.C.P. 236 was given on the same day. In addition, it is admitted by counsel for petitioner that he received a letter from respondent's attorney, dated March 11, 1977, further advising of the entry of the default judgment , yet it was not until May 3, 1977, that the instant petition was filed with the court.

Thus, even if we were to accept petitioner's argument that it had no knowledge of the entry of the default judgment prior to respondent's letter, we are still left with an almost two-month gap between the time petitioner received notice of the default and the time it filed its petition to open.

The cases in this Commonwealth are legion wherein our courts have refused to set aside judgments where the petition to open was not timely filed. In Pappas v. Stefan, 451 Pa. 354, 358, 304 A. 2d 143 (1973), our Supreme Court noted:

"[We cannot] construe these facts as corroborative of the court's conclusion that the appellee 'acted promptly' in filing his petition to open. Default judgment was taken November 9, 1971. By appellee's own admission, notice of the default judgment was brought home to appellee about one week later. The petition to open was not filed until January 13, 1972. In Texas & B.H. Fish Club v. Bonnell Corp., 388 Pa. 198, 203-204, 130 A. 2d 508, 510 (1957) this Court held that, where a petition to

open was filed twenty-seven days after notice of the default judgment was communicated to petitioner, the petition was properly denied. Here counsel for the appellee waited approximately fifty-five days from the date of notice to file his petition to open. No satisfactory explanation is offered for this eight-week delay. The finding of the court below that counsel acted promptly in filing his petition to open is unsupported by the evidence." See also, Texas & B.H. Fish & Game Club v. Bonnell Run Hunting & Fishing Corp., 388 Pa. 198, 130 A. 2d 508 (1957) (27-day delay between notice of default and filing of petition held untimely); Schutte v. Valley Bargain Center, Inc., supra (47-day delay between notice of default and filing of petition held untimely).

It is thus indubitably clear that our courts have become quite strict in their requirement that a petition to open a judgment be promptly filed. While we may perhaps sympathize with the instant petitioner, we cannot ignore established case law on this subject.

We are thus constrained to conclude that the unexplained delay of 52 days between the time petitioner admits receiving notice of the default judgment (March 11, 1977) and the filing of the petition to open (May 2, 1977) renders the instant petition untimely.

Accordingly, November 2, 1977, we affirm our order of June 15, 1977, dismissing the petition to open the default judgment.