The City of Philadelphia, Appellant *v.* Jacob Ravitz, Appellee.

Argued June 10, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Theodore A. McKee*, Deputy City Solicitor, with him *Alan J. Davis*, City Solicitor, and *Edward Sparkman*, Assistant City Solicitor, for appellant.

*Howard N. Sobel,* for appellee.

Opinion by Judge Craig, August 6, 1982:

The City and School District of Philadelphia, as taxing bodies, appeal the order of the Court of Common Pleas of Philadelphia County opening a default judgment against Jacob Ravitz.

On March 18, 1980, the taxing bodies filed a complaint in assumpsit for delinquent taxes against Ravitz, a New Jersey resident. A Philadelphia County deputy sheriff served the complaint on April 7, 1980, at Ravitz's New Jersey residence, by handing it to Ravitz's adult son.[1]

Ravitz did not file a responsive pleading and made no appearance. On June 24, 1980, the taxing bodies sent to Ravitz, by certified mail, notice of their intention to file for a default judgment. Although Ravitz

---

[1] Extraterritorial service of process on nonresident defendants is provided for by Pa. R.C.P. No. 2079, which states in pertinent part:

(c) Outside the Commonwealth, the plaintiff shall have the right of service within ninety days after ... the filing of the complaint ...

(1) by having a competent adult serve the defendant in the manner provided by Rule 1009(b); or

(2) in the manner provided by the law of the jurisdiction in which the service is made for service in an action in any of its courts of general jurisdiction ...

Pa. R.C.P. No. 1009(b)(2)(i) provides in part:

(b) When the defendant is an individual ... the complaint may be served

(2) by handing a copy

(i) at the residence of the defendant to an adult member of the family with which he resides ...

Ravitz contends that this mode of service is inadequate to establish personal jurisdiction over him, because service was not made by a New Jersey officer, but Ravitz does not allege that his son was not living with him, and we note that Ravitz has filed no motion to strike the judgment.

signed the return receipt for this notice, he failed to respond. On July 14, 1980, upon praecipe, the prothonotary entered a default judgment and sent notice of the entry to Ravitz.

Not until December 11, 1980, did Ravitz file his motion to open the Pennsylvania judgment, after the taxing bodies had filed an action in New Jersey to recover on their Pennsylvania judgment and, on October 1, 1980, had served a copy of that complaint on Ravitz.

We must decide if the common pleas court erred in opening the judgment.[2] Our approach has been made somewhat easier by the common pleas opinion filed for this appeal, which states that none of the preconditions necessary to open judgment are present here and concludes that Ravitz's motion should not be granted.

Ravitz does not deny receiving the notice of intention to file for default judgment. There is nothing in the record which excuses Ravitz's failure to make an appearance or file an answer during the nineteen day period between the delivery of that notice, on June 26, 1980, and the entry of judgment. *See Carney v. Sado*, 450 Pa. 118, 299 A.2d 231, (1973); *Pappas v. Stefan*, 451 Pa. 354, 304 A.2d 143 (1973).

Ravitz did not file his petition to open judgment until approximately ten weeks after service of the New Jersey complaint and almost five months after the

---

[2] In order to open a default judgment, in an action in assumpsit, a court must find all of the following factors: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be reasonably explained and excused; and (3) the party seeking to open the judgment must show a meritorious defense. *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 498, 305 A.2d 698, 700 (1973); *Kraynick v. Hertz*, 443 Pa. 105, 227 A.2d 144 (1971); *Balk v. Fort Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971). the burden of proof is on the moving party. *Epstein v. Continental Bank & Trust Co.*, 260 Pa. Superior Ct. 522, 394 A.2d 1049 (1978).

docket shows that the prothonotary mailed notice of the entry of judgment. Ravitz does not deny receiving the prothonotary's notice. We conclude that Ravitz did not promptly file his petition and has shown no excuse for the delay. *See Texas & B.H. Fish Club v. Bonnell Corp.*, 388 Pa. 198, 203-4, 130 A.2d 508, 510 (1957).

Accordingly, we reverse.

ORDER

Now, August 6, 1982, the order of the Court of Common Pleas of Philadelphia County, March Term, 1980, Docket No. 3377, dated February 10, 1981, is hereby reversed and appellant's default judgment, entered July 14, 1980, against Jacob Ravitz, is reinstated.